CONWAY TOOL COMPANY *vs.* HUDSON RIVER INSURANCE COMPANY.

An application for insurance covenanted that the property was already " insured $5,000 in the Ætna, and $3,000 in the Conway Mutual." The policy was, by its terms, to cease, if any further insurance should be effected on the same property, without having the same indorsed on the policy, or otherwise ac- knowledged in writing. There was, in fact, no prior insurance on the property at the time, and the assured subsequently procured insurance to an amount not exceeding $8,000 in the Trenton and Lafayette offices, which was not indorsed on the policy, nor in any way notified to the company. *Held,* that the assured could not recover ; and that declarations of the agent of the defendant com- pany, who issued the policy in suit, tending to authorize such subsequent insurance, as a substitute for those erroneously stated in the application, were inadmissible.

THIS case was tried in the court of common pleas, before *Mellen*, J., who signed the following bill of exceptions :

" This was an action of contract upon an insurance policy against loss by fire, effected by the defendants, a corporation

established by the laws of New York, and having its usual place of business in Hudson, N. Y.

" The defendants alleged the policy to be void, and, to prove it, introduced the application, by which it appeared that the insured had, in said application, represented that the property was insured for $5,000 at the Ætna Office, a Connecticut office located at Hartford, which has been for years, and is now, doing an extensive business in Massachusetts; and for $3,000 at the Conway Mutual Office, an office located in Conway, in this state; when, in fact, there was no insurance at either of these offices. And they further proved that, subsequently, insurances were effected on the property at the Trenton and Lafayette offices, both being safe and good offices, of which no notice was given to the defendants. The policy contained this clause: 'And the assured hereby covenants and engages that the representation in the application contains a just, full, and true exposition of all the facts and circumstances in regard to the condition, situation, value, and risk of the property insured, so far as known to the insured, and are material to the risk; and that if any material fact or circumstance shall not have been fairly represented, or if the assured or their assigns shall hereafter make any other insurance on the same property and shall not, with all reasonable diligence, give notice thereof to this company, and have the same indorsed on this instrument, or otherwise acknowledged by them in writing, this policy shall cease, and be of no further effect.'

" The plaintiffs, while they did not attempt to controvert these facts, offered to prove that, at the time of their application, the agent of the defendant company, Charles Holland of Worcester, Mass., inserted therein the statement as to the insurance at the Conway and Ætna offices, with a full knowledge of all the facts; that he was told that there was only an application for insurance at the Ætna Office, and a temporary arrangement at the Conway Mutual Office, whereby it was verbally understood and agreed that a policy there for $2,500, which, by its written terms, had expired, should remain alive and operative; and that he replied, if insurance was subse-

quently effected in these offices, or anywhere else, in substantial compliance with their representations, as to amount, it would be sufficient, and that the subsequent insurances at the Trenton and Lafayette offices were made in consequence of the aforesaid assurances, and as and for a substantial compliance with the representations made as to the amount cf property insured.

" It was not contended by the plaintiffs that the said agent had any express authority to waive or modify the rules, by-laws, or regulations of the company, as they appear annexed to the policy. The policy and by-laws make a part of these exceptions. To all the evidence thus offered, the defendants objected, as incompetent to vary the written contract between the parties, and for all purposes inadmissible. For the purposes of the trial, the presiding judge rejected all said evidence, to which the plaintiffs excepted.

" The plaintiffs furthermore contended, that, on the face of the papers, there was evidence from which a jury might properly infer that the subsequent insurances were a fulfilment of the representations ; and also that the policy would not be vitiated by reason of the subsequent insurances, unless the insurances afterwards made should be for a total sum larger than that named in the application. But the presiding judge ruled otherwise. Thereupon a verdict was taken for the defendants. To which rulings the plaintiffs excepted."

*D. Aiken,* (*R. Choate* with him,) for the plaintiffs. 1. The whole representations by the assured, taken together, are of the *res* insured. Proposal to insure a subject to be considered under a certain insurance, just as if under condition as to wooden material. 2. Representations concerning the *res* may be made and assented to by agent. Thus he may assent to, and take insurance under a certain amount of incumbrance, of which his principal has no notice except through him. *Masters* v. *Madison County Mutual Ins. Co.* 11 Barb. 624.

3. An agent, with power to make insurance on property, wholly unrestricted in regard to details as to the *res* insured, has power to receive representations, act on them, regulate details, accept approximate and *cy pres* performance ; to say

what shall be, in regard of manner, time, and circumstances, a compliance with a given formula of representation as to the *res.* 2 Phill. on Ins. §§ 1876, 1878; 11 Barb. 630–632; *McEwen* v. *Montgomery Ins. Co.* 5 Hill, 101.

4. The words, " any other insurance," in the proviso of this policy, mean any other than insurance on this *res;* that is, this *res* is the *res* described, that is, under insurance of $5,000. Thus, the agent is told no building under ten feet; that is, there is one nearer than that, which is to be taken away in a week; which is done. 1 Phill. on Ins. § 881.

5. The letter of the by-law does not govern, if there is such substantial notice to, and assent by, the agent as to protect the rights of the insurer. 1 Phill. on Ins. §§ 669, 673, 871, 872; *The Jefferson Insurance Co.* v. *Cotheal,* 7 Wend. 72; *Houghton* v. *Manuf. Mut. Fire Ins. Co.* 8 Met. 114. Overstating the amount of insurance is no objection. *Liscom* v *Boston Mut. Fire Ins. Co.* 9 Met. 205.

*D. Foster,* for the defendants. 1. The evidence of Holland's statements, at the time the application for insurance was made, was rightly rejected. See the last clause in the application, " that the company shall not be bound by any statement made, which is not contained in the application, unless the same is assented to in writing." *Holmes* v. *Charlestown M. F. Ins. Co.* 10 Met. 216; *Vose* v. *Eagle Life & Health Ins. Co.* 6 Cush. 49; *Barrett* v. *Union Mutual Fire Ins. Co.* 7 Cush. 175. 2. It was incompetent for the plaintiffs to show their intention in effecting subsequent insurance, that it was done in consequence of Holland's statements, and intended as a substantial compliance with the statement of the application, &c. 3. There was no evidence on the face of the papers, from which a jury could properly infer that the subsequent insurances were a fulfilment of the representations of the application as to existing insurances. The statement as to existing insurances was a warranty. This exception does not raise the question whether the statement as to existing insurances was material or not. It was material, and this must be as sumed after verdict. *Davenport* v. *N. E. Mut. Fire Ins. Co* 6 Cush. 341; *Clark* v. *N. E. Mut. Fire Ins. Co.* 6 Cush. 346

The question presented by this exception is, whether the sub-sequent insurances were a substantial compliance with the statements as to existing insurances. They were not such a compliance. 4. The subsequent insurance, without notice, vitiated the policy, whether for a greater or less amount than that stated in the application to be insured on the property *Forbes* v. *Agawam Mut. Fire Ins. Co.* 9 Cush. 470. 5. The stipulations of this contract of insurance require notice to the company, and a true disclosure of both prior and subsequent insurances ; in each of these particulars, the plaintiffs violated the contract, and there is nothing in any of their offers of evidence to prevent the policy from being thereby annulled. 6. If the ruling below was correct, either as to prior or subsequent insurance, the defect is fatal to the plaintiffs' claim, and no new trial will be ordered. *Thorndike* v. *Boston*, 1 Met. 248 ; *Munroe* v. *Leach*, 7 Met. 276.

SHAW, C. J. Two grounds of defence are relied on. The first is, that it was represented in the application that the buildings then proposed to be insured were, at the time, under insurance at the Conway and Ætna offices, the one for $5,000, and the other for $3,000, when, in fact, no such insurance subsisted at the time, and that this misrepresentation avoided the policy.

The other ground of defence was founded on a clause in the policy, that if the assured should thereafter make any other insurance on the same property, and should not, with all reasonable diligence, give notice thereof to this company, and have the same indorsed on this instrument, or otherwise acknowledged by them in writing, this policy shall cease and be of no further effect. It was conceded that policies were subsequently effected on the property at the Trenton and Lafayette offices, of which no notice was given to the defendants.

The latter is, *primâ facie*, a good defence. This being a plain and explicit stipulation in the contract, if such subsequent insurance was effected, and no notice of it was given to the company, and no acknowledgment thereof made by them, the policy, by its own terms, was at an end.

But the plaintiffs offer to excuse this, by showing something equivalent, and forming a substantial performance of this stipulation, or a legal substitute for it. This is founded in the theory, that the object and purpose of this stipulation, in connection with the representation of subsisting former assurances to the amount of $8,000, was, that the insurance was intended to be made on buildings already insured for $8,000, and although they were not so insured at the time, they were intended to be, and, in fact, soon after were insured for the like amount, at offices equally good with those named, and therefore the first representation was substantially true. This is relied on as an answer to the alleged misrepresentation.

But further; in answer to the other ground, the plaintiffs insist that the only purpose of a stipulation for notice to the company, in case of further insurance, is to inform them of any insurance beyond the $8,000 of which notice was given in the application, being either then true, or intended to be, and in fact soon after was made true; and, therefore, if no insurance was subsequently made beyond that of $8,000, the obligation to give notice of it did not apply.

The court are of opinion that this stipulation will not bear this construction. The two stipulations relate to distinct subjects, clearly defined. The first is, that of the assured having already any other insurance; a past transaction, a subsisting fact, true or otherwise. Was there any insurance other than this? The other was hypothetical, to take effect if the assured should thereafter make any other insurance. This, like the preceding clause, means insurance other than the present. But should it be construed to mean, other than this and the preceding insurance, the policies made subsequently at the Trenton and Lafayette offices must be other than either of these, and, therefore, the stipulation was, it should be notified. Besides; insurance at the Trenton and Lafayette offices, though for the same amount, must be other than insurance at the Ætna and Conway Mutual offices. The construction which we are asked to put on this unqualified stipulation, that any insurance *hereafter* made shall avoid the policy, if

13 *

not notified, must be held to mean any insurance *exceeding* $8,000; thereby wholly changing its character and legal effect. When the terms and stipulations in a contract are plain and clear, we are bound to follow the terms, as the only authentic expression of the intentions of the parties; and in such case there is no room for exposition. It may be that the main purpose of such notice was intended to be, that the company might know what other insurances would be contributory in case of loss. But this may not have been the only purpose. Others, at least, may be supposed; such as having the best and most satisfactory evidence before them, and on their own books or files, of the whole amount at risk on the same subject at the same time. There is a provision in the policy that the company may, on certain notice given, return a proportion of the premium, and rescind the contract. Notice of all insurances may be necessary, to enable them satisfactorily to exercise this right. But, as already said, whatever may have been the purpose, here was the express stipulation; and to imagine a supposed purpose, and qualify the stipulation so as to give it effect or not, as it would subserve that purpose, would be to ingraft an exception on the contract which the parties have not inserted, and make that conditional which they have made absolute.     *Exceptions overruled.*